IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD HATTON,

    Petitioner,                     No. CIV S-11-0687 GGH P

    vs.

NEVADA COUNTY MENTAL
HEALTH AND CONSERVATOR,

    Respondent.                  <u>ORDER &</u>
                                             <u>FINDINGS AND RECOMMENDATIONS</u>
_____/

        Petitioner, who is involuntarily detained for mental health treatment, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Although one of the claims petitioner makes is that he has been "murdered," he remains alive to contest by way of federal habeas corpus his conservatorship. He lists his present Conservator and Nevada County Mental Health ("Conservator") as his "custodian" for habeas corpus purposes. The Conservator is represented by Nevada County Counsel.

\\\\

\\\\

\\\\

The Conservator has moved to dismiss the habeas petition on several grounds and has sought to file under seal voluminous records.[1]  From review of the papers filed by the Conservator, it appears that petitioner may be in the midst of state court proceedings.  On April 22, 2011, the undersigned ordered petitioner's state counsel, Keri Klein, to file a statement with the court concerning the state proceedings.[2]

Petitioner has been under the care of a conservatorship for several periods over the last 25 years.  The most recent conservatorship began in 2009 and petitioner has the ability to continually contest the conservatorship in state proceedings.  In fact, petitioner has a requested a jury trial on the petition for reappointment of the conservator, and the trial is scheduled for May 17, 2011.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

As there are ongoing state proceedings, this federal court should abstain from any action until the proceeding has terminated.  Ms. Klein also notes that due to the ongoing nature of petitioner's ability to challenge his conservatorship, this case falls within the "capable of repetition, yet evading review" exception to the mootness doctrine.  Miller for and on Behalf of

---

[1] The undersigned notes the thoroughness of the exhibits and motion submitted by the County Counsel and the preparation that went into their filing.  The exhibits will be sent back to the County Counsel.

[2] Ms. Klein promptly filed a letter with the court, and the undersigned appreciates her comments concerning the instant case.  Doc. 9.

N.L.R.B. v. Calif. Pacific Med. Center, 19 F.3d 449, 453 (9th Cir.1994).  It may well be that petitioner's claim will not be moot, however, if petitioner wishes to proceed with this instant habeas petition, petitioner still must exhaust his state court remedies.  Once the state proceedings have terminated and petitioner has exhausted his state court remedies, then he may pursue a petition in federal court.

This case should be therefore dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to seal documents (Doc. 7) is vacated for the reasons discussed above;

2. Respondent's exhibits be returned to Scott A. McLeran, Nevada County Counsel, 950 Maidu Avenue, Suite 240, Nevada City, CA 95959;

3. A copy of this order be sent to Office of the Public Defender, Keri Klein, 224 Main St., Nevada City CA 95959;

4. A district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice until the state proceeding has terminated and state court remedies have been exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 10, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE